**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**BARBARA A. SNOW,**
Plaintiff,

**Case No.2:19-cv- -GC**
**Hon.:**
**Magistrate Judge:**

**-vs.-**

**BEAUMONT TROY HOSPITAL,**
Defendant.
_______________________________________/

**MUSSIN & SCANLAND, PLLC**
**SCOTT P. MUSSIN (P66748)**
**BY: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com
_______________________________________/

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

There is no other pending or resolved action within the jurisdiction of the civil division of the Federal District Court involving the parties who are the subject of the complaint.

_______________________________________
**JERARD M. SCANLAND**
**Attorney For Plaintiff**

**COMES NOW THE,** Plaintiff, **BARBARA A. SNOW,** through her attorneys the law firm of MUSSIN & SCANLAND, PLLC and by attorney Jerard M. Scanland and in support of Plaintiff's Complaint And Jury Demand, states the following:

**Jurisdiction and Parties**

1. This is an action for violations of the Family Medical Leave Act, Section 501 of the Employee Retirement Security Income Act, Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Retaliation in Violation of the Michigan Worker's Disability Compensation Act, and violations of the Persons with Disabilities Civil Rights Act, and Elliott-Larsen Civil Rights Act.

2. Plaintiff's claims arise out of his employment relationship with Defendant, Beaumont Troy Hospital.

3. Plaintiff, Beaumont , (hereafter "Plaintiff") is a resident of Michigan and resides within the Eastern District of Michigan.

4. Defendant, Beaumont Troy Hospital is a Michigan corporation, licensed to do business in the Eastern District of Michigan.

5. Plaintiff making a charge of discrimination with the Michigan Department Of Civil Rights and not obtaining the relief sought, has filed the within lawsuit.

6. The events out of which this controversy arose occurred in the Eastern District of Michigan.

7. This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and §1343, and supplemental jurisdiction over the state law claims pursuant to 28 USC §1367.

**Background Facts**

8. Plaintiff began her employment with Defendant, Beaumont Troy Hospital on or about June 1, 2001.

9. The Plaintiff held the position of Monitor Technician.

10. Plaintiff's performance was at all times exemplary.

11. Despite her excellent performance, Defendant, Beaumont Troy Hospital and/or its employees created a hostile environment for Plaintiff based on her disability in the sense, she advised her employer of her disability and requested reasonable accommodations, however, no accommodations were ever provided. Plaintiff could have easily provided reasonable accommodations to the Defendant.

12. The Plaintiff advised the Defendant she required intermittent medical leave due in part, to her disability, which was a severe allergy to all types of perfumes. As a result of his disability, she was not able to work certain days.

13. Plaintiff continued to suffer; Plaintiff requested reasonable accommodation since January of 2018 for her disability.

14. Plaintiff's accommodation included seeking a different position within the Corporation.

15. Rather than acquiesced to Plaintiff's request for reasonable accommodations, laterally moving her within the corporation, the Defendant failed to provide the Plaintiff with a different position within the corporation.

16. The Plaintiff was discharged on December 22, 2018 despite her exemplary employment record.

**COUNT-I**

**VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**

17. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 16 above as if set forth in full herein.

18. Defendant is an employer covered by the Family and Medical Leave Act pursuant to 29 USC 2601 et seq.

19. In January of 2018 through the date of her termination, Plaintiff was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR 825.114.

20. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining or denying Plaintiffs' rights provided under the Act.

21. Defendant's actions foreclosed Plaintiff's rights under the FMLA, including but not limited to the right to be returned to her position and the right to be free from having an increased level of responsibility, however request for change in her current position was made, while suffering from a chronic, debilitating condition for exercising her rights under the law.

22. Defendants' actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

23. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount he is found to be entitled; Exemplary and punitive damages in whatever amount she is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

## COUNT-II

## VIOLATION OF THE AMERICANS WITH DISABILITY ACT (ADA)

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 above as if set forth in full herein.

25. At all times material hereto, Plaintiff was an employee and Defendant his employer, covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC 12111(5)(a)

26. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of §3(2) of the ADA, 42 USC 12102(2).

27. Plaintiff is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

28. Plaintiff's severe allegry to any type of perfume and asthma is a physical impairment that substantially limits one or more major life activities.

29. Plaintiff has a record of a severe allergy to any type of perfume and asthma that substantially limits one or more major life activities.

30. Defendant was made aware of Plaintiff's severe allergy to any type of perfume and asthma.

31. Defendant disregarded Plaintiff's severe allergy to any type of perfume and asthma as a physical impairment that substantially limited one or more major life activities.

32. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to harass, demote, increase Plaintiff's responsibilities, and then terminate her employment.

33. Plaintiff's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision not to place him in another position.

34. Defendant was predisposed to discriminate on the basis of disability and/or record of a disability and/or perceived disability and acted in accordance with that predisposition.

35. The actions of Defendant was intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

36. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected.

37. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount she is found to be entitled; Exemplary and punitive damages in whatever amount she is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

**COUNT-III**
**PERSONS WITH DISABILITIES CIVIL RIGHTS ACT**

38. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 37 above as if set forth in full herein.

39. Plaintiff had a severe and disabling condition known as Effective Disorder/Bipolar Disorder, a covered disability under the act, was perceived as having a disability and/or had a record of having a disability.

40. Plaintiff's disability affected his ability to engage in one or more major life activities.

41. Plaintiff was/is qualified for his former position.

42. Plaintiff's disability did not affect her ability to perform the essential functions of his job.

43. Defendant discriminated against Plaintiff by refusing to reasonably accommodate Plaintiff's disability, by harassing and retaliating against her, by creating a hostile environment, demoting and terminating her because of his disability.

44. As a further direct and proximate result of Defendant's wrongful acts, Plaintiff has sustained injuries and damages including but not limited to: loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

**WHEREFORE,** Plaintiff prays for the following non-exhaustive relief, Compensatory damages in whatever amount she is found to be entitled; Exemplary and punitive damages in whatever amount she is found to be entitled; A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and, An award of interest, costs and reasonable attorney fees.

**COUNT-IV**
**RELIEF REQUESTED**

For all of the foregoing reasons, Plaintiff, **BARBARA SNOW** demands judgment against Defendant as follows:

**LEGAL RELIEF**

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary and punitive damages in whatever amount she is found to be entitled;

3. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and,

4. An award of interest, costs and reasonable attorney fees.

**EQUITABLE RELIEF**

1. An order out of this Court reinstating Plaintiff to the position he would have held had there been no wrongdoing by Defendant;

2. An injunction out of this Court prohibiting any further acts of discrimination or retaliation;

3. An award of interest, costs and reasonable attorney fees; and,

4. Whatever other equitable relief appears appropriate at the time of final judgment.

Dated: October 11, 2019

Respectfully Submitted,

**MUSSIN & SCANLAND, PLLC**

**BY: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com

**JURY DEMAND**

The Plaintiff, **BARBARA SNOW**, by her attorney the law firm of MUSSIN & SCANLAND, hereby makes a demand for a trial by jury.

Dated: October 11, 2019

Respectfully Submitted,

**MUSSIN & SCANLAND, PLLC**

**BY: JERARD M. SCANLAND (P74992)**
Attorneys for Plaintiff
13351 Reeck Court, Suite 5
Southgate, Michigan 48195
Phone: (734)-282-6037
Fax: (734)-447-5853
JScanland@milawoffices.com